# UNTIED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA , | ) | CASE NO. 3:08-cr-00045-JAJ-TJS |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| DEANDRE TERRELL MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the order of District Judge John A. Jarvey, filed September 5, 2008 (Clerk's No. 37), this matter was referred to the undersigned magistrate judge for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Consistent with the referenced order, an evidentiary hearing for the purposes of preparation of a report and recommendation upon Defendant's Motion to Suppress (Clerk's No. 35) was held on September 16, 2008 at the United States Courthouse, Davenport, Iowa.

Defendant filed a brief in support of his motion (Clerk's No. 36) prior to hearing. The government also filed a responding brief (Clerk's No. 42-2) prior to the hearing. Appearing on behalf of the government was Assistant United States Attorney Joel Barrows. Appearing on behalf of Defendant was attorney David Treimer.

In summary, Defendant is charged in a superseding indictment with one count of possession with intent to distribute at least 5 grams of a mixture and substance containing cocaine base, a.k.a. "crack cocaine." (See Clerk's No. 2.) Defendant has plead not guilty.

## MOTION TO SUPPRESS

Defendant has filed a motion to suppress all evidence seized. The sole basis of this motion is the defendant's contention that the evidence was a product of an unlawful "digital

body cavity search." The burden of establishing that a warrantless search took place is on the defendant, and once the defendant has established that the warrantless search took place, the burden shifts to the government to justify the warrantless search. Carter v. U.S., 729 F.2d 935, 940 (8th Cir. 1984); U.S. v Bachner, 706 F.2d 1121, 1125 (10th Cir. 1983).

On the morning of March 6, 2008, members of the Clinton Police Department took the defendant into custody for driving while revoked. Because officers had found ecstasy on a passenger in the vehicle the defendant was driving, they were suspicious that the defendant might also be hiding drugs on his person. Prior to processing him, officers took the defendant to the OWI room of the Clinton County Law Enforcement Center to conduct a strip search.

During that search the officers removed the defendant's sweatshirt and told him to pull down his pants. When the officers observed the defendant reaching for his buttocks and holding them several times, they ordered him to remove his hands from his buttocks. The defendant did not comply, and after several requests, an officer tasered the defendant.

The defendant contends that immediately after the tasering, an officer digitally penetrated his anus and removed a baggy of purported crack cocaine and a baggy of marijuana. The government contends that a digital cavity search did not occur; the defendant removed the bag of marijuana from his buttocks area himself, and the bag of cocaine base fell out of his buttocks area when the officer tased the defendant.

Defendant relies on the affidavit of Officer Daniel Sager (Clerk's No. 35-2), signed on March 6, 2008, in support of his claim arresting officers conducted a digital body cavity search. The affidavit states:

> While at the jail, a strip search of Miller's person found a white substance
> in a baggy and a green substance in a baggy located in his anis [sic]. Miller

> was repeated [sic] told to keep his hands out of his anis [sic] area for safety concerns, which Miller did not comply to.

(Sager Aff. ¶ 2.)

To refute the alleged digital body cavity search, the government called four Clinton police officers, Sager, Jon Melvin, Roger Schumacher, and Ronald Heeren, and the Clinton County Jailer, Richard Peasley. Three of the police officers and the jailer were all involved at various points in the search of Miller. Sager and Melvin started the search. (Hearing Transcript (Clerk's No. 45) at pg. 8, ln. 24-25; pg. 29, ln. 1-5.) When Miller became noncompliant and Melvin called for help, Peasley and Schumacher came in to assist. (Tr. at pg. 30, ln. 19-22; pg. 38, ln. 24-25; pg. 43, ln. 7-9.)

Both Sager and Melvin testified that Miller had taken the bag of marijuana from his buttocks himself and placed it on the floor. Sager testified, "He then went and got his hand in the area of his buttocks and pulled out a baggie of a green substance, which at the time I believed was going to be marijuana." (Tr. at pg. 10, ln. 16-19.) Melvin testified, "He then started digging around again in his buttocks area and pulled out a plastic baggie containing a green leafy substance, looked like marijuana. He dropped that on the floor." (Tr. at pg. 31, ln. 7-10.)

Both Sager and Melvin testified that when Miller pulled out the bag of marijuana, they saw the other bag. Melvin testified that Miller first pulled the bag of cocaine out of his buttocks, dropped it on the floor, took out the bag of marijuana and dropped it on the floor, and then put the bag of cocaine back into his buttocks. (Tr. at pg. 31 ln. 3-12.) Officer Sager testified that he had seen the bag of white substance prior to Miller pulling the bag of marijuana out of his buttocks and that after Miller pulled the bag of marijuana from his buttocks, he observed Miller trying to put something back up into his buttocks. (Tr. at pg. 10, ln. 9-10, 16-22, pg.11, ln. 23-

25, pg. 12, ln.1.) Sager stated that after the tasing he observed the bag of white substance on the floor (Tr. at pg. 11, ln. 3-5; pg. 21, ln. 14-18), and Melvin stated that the bag of white substance fell out of the defendant's buttocks as the defendant fell to the floor (Tr. at pg. 32, ln. 14-17). Sager testified that his use of the word *anus* in his affidavit was erroneous, and he should have used the word *buttocks*. (Tr. at pg. 13, ln. 4-10; pg. 19, ln. 21-25; pg. 20, ln. 1-5.)

Schumacher and Peasley both testified that they went into the room to assist when Melvin and Sager were struggling with the defendant. (Tr. at pg. 38, ln. 24-25; pg. 39, ln. 2-5; pg. 43, ln. 7-9.) Neither Shumacher nor Peasley saw the bags when they entered the room. (Tr. at pg. 43, ln. 17-21; pg. 45, ln. 24-25; pg. 46, ln. 1.) Both testified that immediately after the tasing, they saw both bags on the floor near Miller. (Tr. at pg. 39, ln. 14-17; pg. 40, ln. 17-23; pg. 46, ln. 4-8.)

Melvin said that Miller's reaction to the taser was to fall to the floor and go stiff. (Tr. at pg. 37, ln. 1-2.) Sager said Miller fell to the ground and "brought himself together." (Tr. at pg. 21, ln. 6-12) Peasley said, "He fell to the floor, stayed in that position..." (Tr. at pg. 43, ln.13-14.)

Melvin stated that no one retrieved the bags from the defendant's buttocks area. (Tr. at pg. 33, ln. 2-4.) Sager testified that no one removed the white bag from the defendant's buttocks. (Tr. at pg. 21, ln. 14-15.) Schumacher and Peasley both stated that at no time while they were in the room with Miller did they observe a digital body cavity search. (Tr. at pg. 39, ln. 24-25; pg. 40, ln.1-7; pg. 43, ln. 22-25.) Heeren, the case agent, testified that he had conducted a follow-up investigation and determined that the strip search had not been videotaped. (Tr. at pg. 48, ln. 4-15.)

The undersigned magistrate finds the testimony of the government's witnesses to be credible.  While there are minor inconsistencies among the officers' testimonies, the inconsistency is not so great as to create doubt as to their veracity.  Further, Sager's testimony that he misused the word *anus* in his affidavit is also credible.  The defendant's sole basis for the motion to suppress is that the evidence is the product of a warrantless, digital body cavity search.  Because there is no evidence in the record, besides the affidavit, that suggests that there was a digital body cavity search, the undersigned magistrate finds that the Defendant has not met his burden to show that the warrantless search took place.

IT IS THEREFORE THE RECOMMENDATION OF THE UNDERSIGNED MAGISTRATE JUDGE that defendant, Deandre Miller's, Motion to Suppress (Clerk's No. 35) be denied because a warrantless digital body cavity search, the sole basis of the motion, did not occur.

IT IS ORDERED, the parties have to and including **October 14, 2008**, in which to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained.  Thomspon v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997).  Such extensions will be freely granted.  Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections.  See, Fed. R. Civ.P. 72; Thompson, 897 F.2d at 357.  Failure to time file objections may constitute a waiver of a party's right to appeal questions of fact.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson,

897 F.2d at 357.

       Dated October 2, 2008.

                                                         _____
                                                         THOMAS J. SHIELDS
                                                         CHIEF U.S. MAGISTRATE JUDGE