**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>DEANDRE TERRELL MILLER,<br><br>          Defendant. | No. 3:08-cr-00045-JAJ-TJS<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE UNDER SECTION 404 OF THE FIRST STEP ACT** |

_____

This case is before the court on defendant Deandre Terrell Miller's April 16, 2020, Motion For Reduction Of Sentence Under Section 404 Of The First Step Act [Dkt. No. 207].[1]  The government filed its responsive Brief On Application Of First Step Act [Dkt. No. 208] on May 1, 2020.  For the reasons stated below, defendant Deandre Terrell Miller's April 16, 2020, Motion For Reduction Of Sentence Under Section 404 Of The First Step Act [Dkt. No. 207] is **GRANTED**.

After a bench trial on December 8, 2008, the undersigned convicted Miller on a single charge of possessing with intent to distribute at least 5 grams of crack cocaine, which, at the time, subjected him to a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851. At Miller's sentencing on November 5, 2009, the undersigned found Miller responsible for 7.71 grams of crack cocaine.  Based on a total offense level of 24 and a criminal history

---

[1] On March 8, 2019, while his direct appeal of the revocation of supervised release at issue, here, was pending, Miller filed a *pro se* Motion . . . In Light Of The First Step Act [Dkt. No. 199] in which he included a request for appointment of counsel [Dkt. No. 200].  After the Eighth Circuit Court of Appeals affirmed his sentence on his revocation of supervised release and the court set a briefing schedule on his *pro se* Motion, Miller filed another Motion For Appointment Of Counsel [Dkt. No. 206] on April 8, 2020.  Miller's *pro se* Motions were deemed superseded by the filing of his Motion [Dkt. No. 207], with the assistance of counsel, on April 16, 2020.

category of VI, Miller's advisory guideline imprisonment range was 120 to 125 months. Miller was sentenced to 125 months of imprisonment, followed by eight years of supervised release. The Eighth Circuit Court of Appeals affirmed Miller's conviction and sentence. Miller's sentence was later reduced to 120 months pursuant to 18 U.S.C. § 3582(c)(2).

The next procedural incident of significance, here, was the revocation of Miller's supervised release on April 18, 2018, based on a new arrest for assault with serious injury. At Miller's revocation hearing, the victim testified that Miller arrived at her apartment apparently intoxicated and continued to drink while there, although she declined to drink with him. When the victim declined to have sex with him and asked him to leave, Miller hit her repeatedly, breaking her nose, causing a laceration to her lip inside her mouth, and breaking a retainer in her mouth. The court found by a preponderance of the evidence that Miller "committed the crime of assault with serious injury as alleged by the government," describing it as "a classic brutal assault and the serious injury component is established by a broken nose, severe laceration, and broken permanent retainer." Revocation Hearing Transcript [Dkt. No. 191], 35:1-6. The court found that this constituted a Category A violation under the revocation Guidelines, so that, with Miller's original criminal history category of VI, his advisory guidelines range was 51 to 63 months of imprisonment. After considering all relevant factors, the court sentenced Miller to 60 months of incarceration, the statutory maximum for a revocation, with a 30-month term of supervised release to follow. Miller appealed, and the Eighth Circuit Court of Appeals affirmed.

Miller now seeks relief under the First Step Act of 2018 from the 60-month sentence on revocation of his supervised release. He argues that he was sentenced prior to August 3, 2010, for his underlying crack cocaine offense and that retroactive application of the Fair Sentencing Act of 2010, based on 7.71 grams of crack cocaine, would have lowered his original sentence from ten years to life down to zero to thirty years. More importantly, he argues, his original conviction would have been reduced from a Class A felony to a Class B felony, meaning that the maximum term of imprisonment upon revocation of supervised release would be reduced from five years to three. Thus, he requests a reduction

of his revocation sentence from 60 months to 36 months.  Although the government concedes that Miller is eligible for a reduction pursuant to the First Step Act, the government argues that Miller is not entitled to relief, because this court should exercise its discretion to deny a reduction in his revocation sentence for all the reasons the court originally imposed a sentence of 60 months.

The Fair Sentencing Act of 2010 reduced the sentencing disparity between crack and powder cocaine offenses and the quantities of crack and powder cocaine that carried mandatory minimum sentences.  *See United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).  Then,

> [i]n 2018, Congress enacted the First Step Act, which makes certain provisions of the Fair Sentencing Act retroactive. As relevant here, section 404(b) of the First Step Act allows a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." First Step Act § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act..., that was committed before August 3, 2010." *Id*. § 404(a).

*McDonald*, 944 F.3d at 771.  The process for determining whether to grant a reduction pursuant to the First Step Act has two steps:

> First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction.

*McDonald*, 944 F.3d at 772.

As the Eighth Circuit Court of Appeals has explained, "The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is [a defendant's] statute of conviction that determines his eligibility for relief." *Id.*  Thus, for example, a defendant is eligible for a sentence reduction if, had the Fair Sentencing Act been in effect when the defendant was sentenced, the mandatory minimum for his drug offense would have been less than it was at the time. *United States v. Harris*, No. 19-2031, 2020 WL 3005779, at *1 (8th Cir. June 5, 2020); *United States v. Banks*, No. 19-1750, 2020 WL 2761055, at *1

(8th Cir. May 28, 2020).   In deciding whether to reduce the sentence for an eligible defendant, the court considers the 18 U.S.C. § 3553(a) factors, which may include consideration of the defendant's advisory range under the current guidelines.  *Id*. at \*3. The court is not required to hold a hearing when considering a § 404 motion.  *McDonald*, 944 F.3d at 772 (citing *United States v. Williams*, 943 F.3d 841, 842–43 (8th Cir. 2019)). As is often pointed out, § 404(c) of the First Step Act states, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  Pub. L. No. 115-391, 132 Stat. 5194, 5222 § 404(c).

Here, Miller seeks a reduction of his sentence on revocation of supervised release after completion of his sentence of imprisonment on his original offense.  Even so, the court concludes that Miller is eligible for a sentence reduction under the First Step Act.  *Id.* at 772 (first step is eligibility).  "[I]t is [a defendant's] statute of conviction that determines his eligibility for relief," *id.*, that is, not the part of his sentence that is at issue.  Indeed, the Eighth Circuit Court of Appeals and the Supreme Court "ha[ve] consistently characterized revocation sentences as punishment for the earlier, underlying conviction and for the breach of the trust extended to the defendant pursuant to the terms of supervised release." *United States v. Watters*, 947 F.3d 493, 496 (8th Cir. 2020) (citing *Johnson v. United States*, 529 U.S. 694, 700 (2000)).  Here, Miller's underlying crack cocaine offense was a violation of a federal statute; the statutory penalties for that offense were modified by section 2 or 3 of the Fair Sentence Act—specifically, from 10 years to life down to zero to thirty years; and that offense was committed before August 3, 2010.  *McDonald*, 944 F.3d at 772 (stating these requirements for eligibility).

This conclusion is consistent with the only decision of a Circuit Court of Appeals to consider eligibility for a reduction of a revocation sentence pursuant to the First Step Act.  In *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019), the defendant argued that the modification of his sentence pursuant to the Fair Sentencing Act not only changed his original statutory penalties for his underlying offense, but the penalties for a revocation of supervised release, because the classification of the underlying offense changed from Class B to Class C, reducing the maximum revocation sentence from three years to two.  943

4

F.3d at 190.  As an issue of first impression for any Circuit Court of Appeals, the court held "that the district court erred in concluding the First Step Act did not authorize it to consider [the defendant's] motion for relief because he was serving a term of imprisonment for revocation of supervised release."  *Id.* at 192-93.  Citing *Johnson v. United States*, 529 U.S. 694 (2000), and *United States v. Haymond*, 139 S. Ct. 2369, 2379–80 (2019) (plurality op.), the court in *Venables* adopted a "unitary" framework, in which supervised release is a component of a unified sentence, so that, if the defendant was convicted of a covered offense, the defendant was eligible for a reduction in a revocation sentence under the First Step Act.  *Id.* at 193-94.  The Fourth Circuit Court of Appeals remanded the case to the district court to determine whether or not to grant a reduction, where the defendant was eligible.

Consequently, here, Miller is eligible for a sentence reduction.  The government concedes as much.

The next question is whether the court should grant such a reduction.  *McDonald*, 944 F.3d at 772 (second step of the process).  Here, not only was the statutory penalty for Miller's underlying crack cocaine offense modified by the Fair Sentencing Act, the classification of that offense also changed from a Class A felony to a Class B felony.  18 U.S.C. § 3559(a)(1)-(2) (classifying felonies).  Furthermore, the maximum term of imprisonment on revocation of supervised release, which depends on the classification of the underlying offense, would now be 3 years where the underlying offense would now be a Class B felony, instead of 5 years where the underlying offense was a Class A felony at the time.  *See* 18 U.S.C. § 3583(e)(3) (setting maximum revocation sentences based on classification of the underlying offense).

A handful of district courts have considered the effect of a change in the classification of the underlying offense for purposes of determining whether to reduce a defendant's sentence for a revocation of supervised release pursuant to the First Step Act.  On remand in *Venable*, the district court declined to reduce the defendant's revocation sentence of 15 months, even though he was eligible.  *See United States v. Venable*, No. 4:97CR70070-001, 2019 WL 6337419, at *2 (W.D. Va. Nov. 26, 2019).  However, his

revocation sentence was already below the two-year maximum for revocation of supervised release for his underlying offense, even reclassified as a Class C felony.  *See* 18 U.S.C. § 3583(e)(3).  Thus, that decision is distinguishable from Miller's circumstances, where his 60-month revocation sentence plainly exceeds the 36-month maximum for his underlying offense, now reclassified as a Class B felony, rather than a Class A felony.  *See also United States v. Wooters*, No. 09-CR-40013-JPG, 2019 WL 1897085, at *3 (S.D. Ill. Apr. 29, 2019) (declining to reduce the defendant's revocation sentence, because "[h]is sentence of 24 months for the second revocation of supervised release on Count 1 did not exceed the lowered sentencing range of no more than 2 years," and because his underlying offense was under the PROTECT Act, so "the maximum term of imprisonment started anew with each revocation of supervised release notwithstanding any prior revocation sentence served").

Where the revocation sentence *exceeded* the statutory maximum available for the underlying offense as reclassified by application of the Fair Sentencing Act, district courts have so far almost uniformly reduced the revocation sentence pursuant to the First Step Act to the new statutory maximum or ordered a new revocation sentencing hearing, where the reduction would be subject to the new statutory maximum.  As one of those courts explained,

> Two recent decisions, *United States v. Walker*, 2020 WL 882175 (S.D. W. Va. Feb. 21, 2020), and *United States v. McDonald*, 2020 WL 1016351 (W.D. Va. Mar. 3, 2020), applying the principles announced in *Venable*, guide the decision here. In both cases, the defendants were originally convicted of Class A felonies. However, after the enactment of the First Step Act, the defendants' underlying convictions defaulted to Class B felonies, exposing them to a lower statutory range and statutory ceiling to the terms of imprisonment upon revocation of supervised release. *Id*. In both cases, the government argued that "the Court should not exercise its discretion pursuant to the First Step Act to reduce the sentence, given the fact that the defendant committed new crimes, and that the motion was made following revocation of supervised release." *Id*. Nonetheless, the courts applied the First Step Act, finding that

> Based on the Court's review of the record, and weighing the relevant 3553(a) factors here, the court concludes that Defendant has shown entitlement to a reduction of his sentence ... considering that now the same supervised release violation following a conviction for a Class B felony is punishable by a maximum term of 36 months imprisonment, the Court will reduce Defendant's revocation sentence to 36 months imprisonment, but not less than time served.

*Id.* at *5.

> The decisions in *Walker* and *McDonald* correctly point to the conclusion that the First Step Act operates to make the offense of conviction a Class B felony. The result is that the maximum period of incarceration for the supervised release violations at issue is three years.

*United States v. Butler*, No. 3:07-CR-438-05, 2020 WL 3002345, at *3 (E.D. Va. June 4, 2020). In *Butler*, the court ordered a new sentencing hearing on the revocation to set the sentence within the new "constraint" of a three-year statutory maximum. *Id.*

Similarly, in *Walker*, the court "reduce[d] Defendant's term of imprisonment for violation of the terms of his supervised release to a high-end sentence of thirty-six months imprisonment, but not less than time served, to be served consecutively to his sentence in [another case]." *United States v. Walker*, No. CR 3:04-0146, 2020 WL 882175, at *3 (S.D.W. Va. Feb. 21, 2020). The court in *McDonald*, finding *Walker* instructive, did the same. *United States v. McDonald*, No. 3:09-CR-0006, 2020 WL 1016351, at *5 (W.D. Va. Mar. 2, 2020). Likewise, in *United States v. Garcia*, No. 2:98-CR-31-FTM-38UAM, 2020 WL 2900771 (M.D. Fla. June 3, 2020), the court reduced the defendant's revocation sentence to the new statutory maximum of 24 months, where his underlying offense would have been a Class C felony rather than a Class B felony. *Id.* at *2.

Contrary to these decisions, at least at first blush, the court in *United States v. Moore*, No. 1:06CR564, 2019 WL 6337279, at *2 (N.D. Ohio Nov. 27, 2019), declined to reduce the defendant's revocation sentence of 36 months, with one year concurrent with a state sentence, and two years to run consecutive to it, even though the new statutory maximum for revocation on his underlying offense, reclassified as a Class C felony, was

7

only two years.  The court did so, because the violation came only four months after the defendant completed his original sentence, so the court found that "[t]he violation shows a disrespect for the Court and a breach of the Court's trust."  *Id.*  It should be mentioned that the *consecutive* part of the revocation sentence did not exceed the two-year statutory maximum where the underlying offense was reclassified as a Class C felony.  Thus, the defendant would not have served any less time, if the court had reduced his revocation sentence to 24 months but had run the entirety of that sentence consecutive to his state sentence.

Here, the court concludes that Miller is not only eligible for but entitled to a reduction of his revocation sentence pursuant to the First Step Act.  *See McDonald*, 944 F.3d at 772 (setting out the two-step analysis of eligibility and entitlement).  Guided by the reasoning of the decisions like *Butler*, this court concludes that the *maximum* revocation sentence that should be imposed is the three-year statutory maximum where Miller's underlying offense has been reclassified as a Class B felony, rather than a Class A felony.  *See* 18 U.S.C. § 3559(a)(1)-(2) (classifying felonies); 18 U.S.C. § 3583(e)(3) (setting maximum revocation sentences based on classification of the underlying offense).  It may be true that such a reduction is not *required*, in the exercise of the court's discretion, under the First Step Act.  *See* Pub. L. No. 115-391, 132 Stat. 5194, 5222 § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); *McDonald*, 944 F.3d at 772.  It is also true that the court had no hesitation imposing the statutory maximum of 60 months of imprisonment on revocation of Miller's supervised release, where his underlying offense was classified as a Class A felony, in light of the brutality of the assault on which the revocation was based and consideration of the other § 3553(a) factors.  Nevertheless, the court concludes that a reduction is "in the spirit of the First Step Act because had it sentenced [Miller] as if today's penalty provisions had been in place, it would have found that a sentence of [36] months' imprisonment was sufficient but not greater than necessary to serve the interests of sentencing."  *Garcia*, 2020 WL 2900771, at *2.  The court finds it unnecessary to hold a new revocation sentencing hearing before imposing this sentence.  *McDonald*, 944 F.3d at 772.

Upon the foregoing,

**IT IS ORDERED** that defendant Deandre Terrell Miller's April 16, 2020, Motion For Reduction Of Sentence Under Section 404 Of The First Step Act [Dkt. No. 207] is **GRANTED**, and his sentence on the April 18, 2018, revocation of supervised release is *reduced* from 60 months to 36 months, pursuant to the First Step Act, § 404.

**DATED** this 16th day of June, 2020.

_____

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA